# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01373-STV

ADEIA TECHNOLOGIES INC.; *et al*,

      Plaintiffs,

v.

DISH NETWORK CORPORATION; *et al*,

      Defendants.

---

## ORDER SETTING DEADLINE FOR FILING ELECTION CONCERNING CONSENT/NON-CONSENT TO MAGISTRATE JURISDICTION FORM AND SETTING SCHEDULING CONFERENCE

---

Entered By Chief Magistrate Judge Scott T. Varholak

This case has been directly assigned to Magistrate Judge Scott T. Varholak pursuant to D.C.COLO.LCivR 40.1(c).  [#5]

**IT IS ORDERED**:

1. Pursuant to D.C.COLO.LCivR 72.2(d), the parties shall complete and file the Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction form, available from the Court's website at www.cod.uscourts.gov, on or before **May 26, 2026**.

2. Pursuant to Fed. R. Civ. P. 16(b) and Local Civil Rule 16.1, the Court shall hold a scheduling conference on:

### June 9, 2026 at 10:00 AM

in Courtroom A-402, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  Please remember that anyone seeking entry into the courthouse will be required to show valid photo identification. *See* D.C.COLO.LCivR 83.2(b).  If this date is not convenient for any party, the parties should confer and file a motion to reschedule the scheduling conference to a more convenient date.

3.    At least **21 days** in advance of the scheduling conference, the parties shall meet and attempt to agree upon a scheduling order pursuant to Fed. R. Civ. P. 26(f).  The Court strongly encourages the parties to meet face to face, but should that prove impossible, the parties may meet by telephone conference.  All parties are jointly responsible for arranging and attending the Rule 26(f) conference.

During the Rule 26(f) conference, the parties shall discuss all of the issues identified in Fed. R. Civ. P. 16(c)(2) and Fed. R. Civ. P. 26(f)(2-3), including the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and develop their proposed scheduling/discovery plan.  The parties should also discuss the possibility of informal discovery, whether the parties anticipate the need for experts, and whether the parties anticipate substantial electronic discovery.  The parties should be prepared to discuss these issues at the scheduling conference.

4.    On or before **June 2, 2026**, the parties shall file a joint proposed patent scheduling order in the form required pursuant to D.C.COLO.LPtR 2.  A copy of the instructions for the preparation of the proposed scheduling order and the required form can be downloaded from the court's website at www.cod.uscourts.gov.  Pursuant to D.C.COLO.LCivR 16.1, plaintiff shall be responsible for filing the proposed scheduling order, except in cases removed to this court, in which cases the party who removed the case shall file the proposed scheduling order.

5.  Pursuant to D.C.COLO.LPtR 3(c), on or before **May 26, 2026**, the parties shall submit an agreed proposed protective order; or (2) if they cannot agree, each party shall submit a separate proposed protective order which specifically identifies the provisions on which the parties agree and disagree.  Each party may simultaneously submit a brief of no more than two pages in support of its proposed protective order.

6.  The parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1).  Pursuant to D.C.COLO.LPtR 3(b), the parties shall not delay making disclosures under Fed. R. Civ. P. 26(a) on the grounds of confidentiality.

7.  Pursuant to Fed. R. Civ. P. 26(d), no discovery shall be served prior to the Rule 26(f) meeting.

DATED: April 2, 2026                              BY THE COURT:


 s/Scott T. Varholak_____
Chief United States Magistrate Judge


2